**Ram CHUDSHEVID, and Dongtip Chudshevid, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 79–7641.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 1980.

Decided April 6, 1981.

M. Rito Corrales, Santa Ana, Cal., on brief, for petitioners.

Dzintra I. Janavs, Los Angeles, Cal., for respondent.

Before HUG and BOOCHEVER, Circuit Judges, and RICHEY *, District Judge.

HUG, Circuit Judge:

Ram and Dongtip Chudshevid seek review of a deportation order and the Board of Immigration Appeals' denial of their motion to reconsider.[1] We lack jurisdiction to review the deportation order, and we affirm the denial of the motion to reconsider.

## BACKGROUND

The Chudshevids, who are natives and citizens of Thailand, entered the United States on March 18, 1972 as a nonimmigrant student and spouse. They were authorized to remain in this country until September 18, 1972. In June 1974 Mrs. Chudshevid applied for adjustment of status to permanent resident pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, and requested that she be considered exempt from the Act's labor

---

* The Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

1. While petitioners alternately have labelled their motion as a motion to reopen and a motion to reconsider, it is more accurately characterized as a motion to reconsider, and we treat it as such. *See* 8 C.F.R. §§ 3.2, 3.8(a). These regulations are reproduced in part at footnote 6 *infra*.

certification requirement, 8 U.S.C. § 1182(a)(14),[2] by virtue of her investment in a commercial enterprise, under 8 C.F.R. § 212.8(b)(4). Mr. Chudshevid claimed exemption as the spouse of an alien investor under 8 C.F.R. § 212.8(b)(2). The application for adjustment of status was denied in February 1976.

Following the issuance of a show cause order which charged that the Chudshevids were deportable because they had remained in the United States longer than permitted, a deportation hearing was held in February 1977. The Chudshevids conceded deportability at the hearing, but renewed their application for adjustment of status on the basis of Mrs. Chudshevid's business investment. The regulation in issue, 8 C.F.R. § 212.8(b)(4), was amended in 1976.[3] The pre-1976 regulation required a showing that the alien had invested or was actively in the process of investing $10,000 in a commercial enterprise. The regulation as amended required a showing that the alien had invested or was actively in the process of investing $40,000 in a commercial enterprise.

The immigration judge held that the amended regulation with the $40,000 requirement was applicable and that Mrs. Chudshevid had failed to make the required showing. Alternately, he held that even if the pre-1976 version applied, she had failed to establish that she had made the required $10,000 investment. Finally, as a third alternate holding, the immigration judge held that the investment did not meet the additional requirements imposed by the Board of Immigration Appeals in *Matter of Heitland*, 14 I. & N. Dec. 563 (1974), *aff'd*, 551 F.2d 495 (2nd Cir.), *cert. denied*, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977).[4] The immigration judge granted voluntary departure in lieu of deportation on February 16, 1977.

On appeal, the Board of Immigration Appeals (Board) stated that 8 C.F.R. 212.-8(b)(4) as amended in 1976 was not applicable in Mrs. Chudshevid's case because her original application for adjustment of status occurred before the amendment. Thus, she only had to meet the $10,000 requirement imposed by the pre-1976 regulation.

---

2. The statute provides in part:
   Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed....

3. On June 26, 1974, the date of the respondent's application for adjustment, the pre-amended regulation stated:
   The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certificate; ... (4) an alien who establishes on Form I 526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing, capital totaling at least $10,000 and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise.

The current regulation provides that an alien who establishes on Form I–526 that he has invested, or is actively in the process of investing, capital totaling at least $40,000 in an enterprise in the United States of which he will be a principal manager and that the enterprise will employ a person or persons in the United States of which he will be a principal manager and that the enterprise will employ a person or persons in the United States who are United States citizens or aliens lawfully admitted for permanent residence, exclusive of the alien, his spouse and children. [Does not require a labor certificate.] 8 C.F.R. § 212.8(b)(4).

4. In *Matter of Heitland*, the Board of Immigration Appeals imposed an additional requirement which must be met before an alien may qualify under the investor exception:
   [T]he investment either must tend to expand job opportunities and thus offset any adverse impact which the alien's employment may have on the market for jobs, or must be of an amount adequate to insure, with sufficient certainty, that the alien's primary function with respect to the investment, and with respect to the economy, will not be as a skilled or unskilled laborer.
14 I. & N. Dec. 563, 567 (1974).

The decision of the immigration judge was upheld, however on the other two grounds: first, that she had failed to establish that she had met the $10,000 investment requirement; and second, that the *Heitland* requirements had not been met. The Board dismissed the appeal in June 1978.

In May 1979 the Chudshevids filed a motion to reconsider with the Board based on this court's decision in *Ruanswang v. INS*, 591 F.2d 39 (9th Cir. 1978), which held that the *Heitland* criteria were not applicable to an investment made prior to the *Heitland* decision. Mrs. Chudshevid argued that she, like the investor in *Ruanswang*, had made her investment prior to the time *Heitland* was decided.[5] The Board denied this motion in August 1979, however on the basis that even if the application of the *Heitland* criteria to her case was erroneous, the prior finding that Mrs. Chudshevid failed to establish that she had made the required $10,000 investment would justify the deportation order. On December 1, 1979, the Chudshevids filed a petition for review in this court.

## DISCUSSION

### A. Appellate Jurisdiction

█ A petition for review of a final deportation order of the Board of Immigration Appeals must be filed in this court not later than six months following the date of the order. 8 U.S.C. § 1105a(a)(1). Such a petition was not filed within the six-month period. The Board of Immigration Appeals may, however, reopen or reconsider any case in which it has rendered a decision either on its own motion or on the motion of the affected alien. 8 C.F.R. §§ 3.2, 3.8(a).[6] A motion to reopen and a motion to reconsider are two separate and distinct motions with different requirements, although they are discussed together in the same regulations.

A motion to reopen must be based upon new material evidence which was not available and which could not have been discov-

---

5. This court has recently stated that *Heitland* constituted an improper circumvention of the rule-making procedures of the Administrative Procedure Act. *Bahat v. Surek*, 637 F.2d 1315 (9th Cir. 1981); *Patel v. Immigration & Naturalization Service*, 638 F.2d 1199 at 1203 (9th Cir. 1980).

6. 8 C.F.R. § 3.2 provides in part:

The Board may on its own motion reopen or reconsider any case in which it has rendered a decision. Reopening or reconsideration of any case in which a decision has been made by the Board, whether requested by the Commissioner or any other duly authorized officer of the Service, or by the party affected by the decision, shall be only upon written motion to the Board. Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing. A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States. Any departure from the United States of a person who is the subject of deportation proceedings occurring after the making of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion....

8 C.F.R. § 3.8(a) provides in part:

Motions to reopen and motions to reconsider shall be submitted in triplicate. A request for oral argument, if desired, shall be incorporated in the motion. The Board in its discretion may grant or deny oral argument. Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons upon which the motion is based and shall be supported by such precedent decisions as are pertinent.... Motions to reopen or reconsider shall state whether the validity of the deportation order has been or is the subject of any judicial proceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status. The filing of a motion to reopen or a motion to reconsider shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board or the officer of the Service having administrative jurisdiction over the case.

ered or presented by the alien at the prior hearing, 8 C.F.R. § 3.2. The regulation specifies no time limit within which the motion may be brought except that it may not be brought on behalf of a person subsequent to his or her departure. *Id.*

A motion to reconsider "shall state the reasons upon which the motion is based and shall be supported by such precedent decisions as are pertinent." 8 C.F.R. § 3.8(a). There is no requirement for allegations of new facts or even new precedent. There is no time limit specified in the regulations for bringing the motion except that it may not be brought after the departure of the person involved. *Id.*

The motion brought in this case is not based upon any new facts which were not available at the time of the hearing and is thus not a motion to reopen the proceedings. It is a motion for reconsideration, requesting the Board to review its decision in light of a change in interpretation of the applicable regulation.

■ The Supreme Court has held that orders on motions to reopen are reviewable as final orders. *See Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156 13 L.Ed.2d 90 (1964). The inquiry on review is whether the denial of the motion constituted an abuse of discretion by the Board. *Urbano de Malaluan v. INS,* 577 F.2d 589, 592 (9th Cir. 1978). We hold that a denial of a motion to reconsider is similarly reviewable, and the inquiry on review is whether the denial was an abuse of discretion.

■ The order of deportation in this case became final when the appeal was dismissed by the Board of Immigration Appeals on June 30, 1978. The Chudshevids then had six months within which to file a petition for review in this court. Alternatively, if the Chudshevids had filed a motion to reconsider within the six month time period, and subsequently had filed a petition for review of the denial of that motion within six months following the denial of the motion, this court would have retained jurisdiction to review both the initial deportation order and the subsequent denial of

the motion. *See Bregman v. INS,* 351 F.2d 401 (9th Cir. 1965) (motion to reopen). Since the Chudshevids filed neither a petition for review nor the motion to reconsider within six months of the Board's dismissal of their appeal in June 1978, our jurisdiction in this case is limited to reviewing the Board's denial of the motion, which was appealed in a timely manner on December 1, 1979.

### B. *The Merits*

■ This court recently held that the Board improperly circumvented the appropriate rule-making procedures when it enunciated the additional requirement for alien investor status in *Heitland. Bahat v. Sureck,* 637 F.2d 1315 (9th Cir. 1981); *Patel v. INS,* 638 F.2d 1199 at 1203 (9th Cir. 1980). However, the Board concluded, in this case, that even if the Chudshevids were correct in asserting that the *Heitland* requirements could not be applied, Mrs. Chudshevid had failed to carry her burden of proving that she had made the required $10,000 investment under 8 C.F.R. 212.-8(b)(4). The Board noted that the sole basis for the motion to reconsider was the contention that it was erroneous to apply the *Heitland* requirements and that nothing had been presented to disturb the alternate ground that Mrs. Chudshevid had failed to prove she had made the required $10,000 investment. This failure of proof was a sufficient ground to deny the adjustment in status, and thus there was no abuse of discretion in denying the motion to reconsider.

AFFIRMED.