988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chester LACAYO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70476.
 
 Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 22, 1993.
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Avv-ehf-tdg.
 BIA
 AFFIRMED.
 Before HUG, SKOPIL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After a hearing before an immigration judge ("IJ") on September 5, 1989, Chester Lacayo's applications for asylum, withholding of deportation, and voluntary departure were denied. Lacayo, a native and citizen of Nicaragua, claimed that as an active member of an opposition party he would be subject to persecution from the Sandinistas if he returned to Nicaragua.
 
 
 3
 Lacayo appealed the IJ's order to the Board of Immigration Appeals ("BIA"). On September 26, 1990, the BIA dismissed Lacayo's appeal. The BIA took administrative notice of the change of government in Nicaragua in 1990. Although the BIA noted in a footnote that the IJ had doubted Lacayo's credibility, the noticed facts formed the sole basis for the BIA's finding that Lacayo did not demonstrate a well-founded fear of persecution.
 
 
 4
 On April 15, 1991, Lacayo filed a motion to reopen. With his motion, he submitted affidavits to support his assertion that he had been an active member of the Conservative Party, that he had been threatened and beaten before he left Nicaragua, and that he had joined an anti-Sandinista organization after he entered the United States. In addition, Lacayo presented to the BIA several newspaper articles to demonstrate that the Sandinistas still hold positions of power in the Nicaraguan government and that ex-Contras have been killed since the change in government.
 
 
 5
 In a decision dated July 18, 1991, the BIA denied Lacayo's motion to reopen, concluding that he failed to demonstrate a well-founded fear of persecution.
 
 
 6
 Lacayo filed a timely petition for review of the BIA's denial of his motion to reopen. We have jurisdiction to review that denial pursuant to 8 U.S.C. § 1105(a). We affirm.
 
 
 7
 * Lacayo argues that the BIA improperly took administrative notice of the change of government in its decision dismissing his appeal. In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), decided after both the BIA's dismissal of Lacayo's appeal and its denial of his motion to reopen, we held that it was error to take administrative notice without providing the petitioner the opportunity to rebut the noticed facts.
 
 
 8
 The decision issued by the BIA on September 26, 1990 is of the same form as that at issue in Castillo-Villagra. That is, it shares the identical language used in a large number of other cases decided after Violeta Chamorro won the Nicaraguan presidential election and gives no reasons for its decision except for the change in government. See id. at 1023. Accordingly, if Lacayo had petitioned for review of the BIA's September 26, 1990 decision we would have been compelled to grant his petition and to remand.
 
 
 9
 Lacayo did not file a petition for review of the BIA's September 26, 1990 decision. Nor did Lacayo file a motion to reopen within six months of the BIA's decision. Because Lacayo did not file a petition for review within six months of the BIA's dismissal of his appeal, we have no jurisdiction to review the BIA's September 26, 1990 decision. See Chudshevid v. INS, 641 F.2d 780, 784 (9th Cir.1981). Our jurisdiction in this case is limited to reviewing the BIA's July 18, 1991 denial of the motion to reopen. See id.
 
 II
 
 10
 When denial of a motion to reopen is based upon the petitioner's failure to establish a prima facie case for the relief sought, as is the case here, abuse of discretion is the proper standard of review. INS v. Doherty, 112 S.Ct. 719, 725 (1992). The petition must be reviewed solely upon the administrative record and the BIA's determination that the petitioner was not eligible for asylum must be upheld "if supported by reasonable, substantial and probative evidence on the record considered as a whole." See INS v. Elias Zacarias, 112 S.Ct. 812, 815 (1992); 8 U.S.C. § 1105a(a)(4). Thus, the BIA's determination can be reversed only if the evidence presented by Lacayo was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. See id.
 
 
 11
 Here, the BIA reviewed in detail the evidence adduced by Lacayo concerning the current conditions in Nicaragua and determined that he had failed to establish a prima facie case that he had a well-founded fear of persecution. The BIA concluded:
 
 
 12
 There is nothing in the record to suggest that he is an ex-Contra, or that the Sandinistas ever thought he was a Contra. There is no evidence, only speculation, as to who [was responsible for the recent murders of several] ex-Contras, and no evidence that other ex-Contras have been killed or threatened. There is no evidence that the Sandinistas have, since the elections, tried to assassinate or persecute Nicaraguan citizens who were opposed to them but were not in the Contras or other armed group. The respondent has not been in Nicaragua since he left there on August 18, 1984. Under the circumstances, he has not shown that there is a reasonable possibility of his actually suffering persecution by the Sandinistas if he returns to Nicaragua.
 
 
 13
 Lacayo does not challenge the BIA's conclusion in his brief to this court; he only challenges the BIA's use of administrative notice in its September 26, 1990 decision. Thus, he does not suggest that the BIA's July 18, 1991 denial of his motion to reopen was not supported by "reasonable, substantial or probative evidence" or that the BIA improperly relied on noticed facts in its decision to deny his motion to reopen.[1]
 
 
 14
 After reviewing the administrative record, we cannot conclude that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See Elias Zacarias, 112 S.Ct. at 817. Accordingly, the BIA did not abuse its discretion by denying his motion to reopen.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We note in passing that even though Lacayo's failure to file a petition for review or a motion to reopen within six months of the BIA's dismissal of his appeal prevents us from remanding for reconsideration in light of Castillo-Villagra, he was able to present to the BIA evidence to rebut the noticed facts. In his motion to reopen Lacayo presented evidence to show that he had reason to fear persecution despite the change of government. The BIA did not rely on its earlier use of administrative notice but rather fully considered the evidence before determining that he failed to meet his burden