7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hector QUINTERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3203.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Hector Quintero, a pro se appellant, appeals a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his deportation proceedings and to stay deportation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Quintero, a forty-nine-year-old Columbian who entered this country in January 1972, was convicted on drug charges in July 1988. Based on his felony conviction for drug trafficking (cocaine), the Immigration and Naturalization Service (INS) commenced deportation proceedings against him pursuant to 8 U.S.C. § 1251(a)(11) (1988); see 8 U.S.C. § 1251(a)(2)(B)(i) (Supp.IV 1992).
 
 
 4
 At his deportation hearing on March 8, 1991, at which time Quintero was represented by counsel, he conceded his deportability, but indicated that he would be applying for relief under § 212(c) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1254(a)(1) (1988). His counsel also informed the court that he would not be representing Quintero in any future proceedings and that Quintero would be getting another lawyer. At that time, the immigration judge (judge) explained to Quintero what he had to do in order to file for § 212(c) relief, gave him all the necessary application materials to complete, and continued the hearing. The judge explained to Quintero that he was giving him until June 7, 1991, to file for § 212(c) relief, or until that date for his new attorney to request a continuance to file the appropriate forms. The judge continued Quintero's hearing until October 11, 1991.
 
 
 5
 Quintero did not file the appropriate forms by June 7, 1991, or by the time of his next deportation hearing which was continued from October 11, 1991, to February 10, 1992. At his hearing on February 10, 1992, the judge found Quintero deportable, deemed his request to apply for § 212(c) relief abandoned because he had not filed a timely and fully completed application, and thereupon ordered Quintero to be deported to Colombia.
 
 
 6
 Represented by an attorney, Quintero appealed the judge's February 10, 1992, determination and also filed a motion to reopen the deportation proceedings. The BIA denied his motion on July 21, 1992. With new counsel, Quintero again filed a motion to reopen the deportation proceedings and to stay deportation with the BIA in January 1993. On February 5, 1993, the BIA denied his motion.
 
 
 7
 Proceeding pro se, Quintero then filed his timely appeal in this court. He argues that he did not abandon his application for § 212(c) relief and that his case should be remanded and his deportation proceedings reopened so that his application for § 212(c) relief can be considered by the INS. In his brief, he requests the appointment of counsel.
 
 
 8
 Initially, we note that to the extent Quintero is challenging the underlying merits of the BIA's July 21, 1992 decision, this court lacks jurisdiction to consider this claim, as Quintero did not request a review of this decision within 30 days of its issuance. 8 U.S.C. § 1105a(a)(1) (Supp.IV 1992); see Chudshevid v. Immigration & Naturalization Serv., 641 F.2d 780, 784 (9th Cir.1981).
 
 
 9
 Upon review of the BIA's decision to deny Quintero's second motion to reopen and to stay deportation, we conclude that the BIA did not abuse its discretion. Immigration & Naturalization Serv. v. Rios-Pineda, 471 U.S. 444, 451-52 (1985); Dawood-Haio v. Immigration & Naturalization Serv., 800 F.2d 90, 95 (6th Cir.1986). The BIA properly denied Quintero's second motion to reopen because Quintero had not submitted supporting evidence with his motion as required under 8 C.F.R. § 3.8. Furthermore, Quintero has not provided an adequate explanation as to why he did not timely file an application for § 212(c) relief.
 
 
 10
 Accordingly, we deny Quintero's request for counsel and affirm the BIA's February 5, 1993 decision. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation