**Harinder Singh GREWAL, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 00–71241, INS A73–422–500.
INS No. A73–422–500.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Harinder Singh Grewal, a native and citizen of India, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his deportation proceedings before the immigration judge. We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review for abuse of discretion the BIA's determination that Grewal did not present previously unavailable evidence justifying the reopening of deportation proceedings pursuant to 8 C.F.R. § 3.2(c)(1). *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The BIA did not abuse its discretion in finding that Grewal could have discovered the evidence accompanying his motion to reopen prior to the deportation proceedings. *See id.* at 326, 112 S.Ct. 719 ("it was well within [the Attorney General's] broad discretion in considering motions to reopen to decide that the material adduced by respondent could have been foreseen or anticipated at the time of the earlier proceeding"). The BIA did not abuse its discretion in finding that the Department of State Country Report refuted Grewal's contention that country conditions in India in 1995 and 1996 made it impossible to obtain corroborating witness statements regarding his arrests and medical treatment. *See Konstantinova v. INS,* 195 F.3d 528, 530 (9th Cir.1999) (BIA did not abuse its discretion in denying motion to reopen where it provided a "reasoned explanation" for its decision).

We lack jurisdiction to review the final administrative decision denying Grewal's application for asylum and withholding of deportation because Grewal did not timely file a petition for review of that decision. *Cf. Chudshevid v. INS,* 641 F.2d 780, 784 (9th Cir.1981).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS,* 133 F.3d 1147, 1150–51 (9th Cir.1997). Because deportation proceedings were initiated against Grewal on March 22, 1996, and a final order of deportation was issued on December 22, 1999, the transitional rules apply to his case.