**Marbin Basael LARIN–BONILLA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70327**

**INS No. A72–011–192.**

United States Court of Appeals, Ninth Circuit.

---

1. All pending motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 22, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

### MEMORANDUM**

Marbin Basael Larin–Bonilla, a native and citizen of El Salvador, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his deportation proceedings. We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review for abuse of discretion the BIA's determination that Larin–Bonilla did not demonstrate a prima facie case for asylum based upon the August 2000 murder of his father in El Salvador. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998). Because Larin–Bonilla failed to demonstrate the murder was politically motivated, *see Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir.1997), the BIA did not abuse its discretion in finding that Larin–Bonilla did not establish a prima facie case of a well-founded fear of future persecution, *cf. Mendez–Efrain v. INS*, 813 F.2d 279, 282 (9th Cir.1987) (absent "specific evidence," alien's "belief" that he would be subject to persecution upon return to El Salvador was insufficient to sustain burden of proving a well-founded fear of future persecution).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Larin–Bonilla's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is

We lack jurisdiction to review the decision denying Larin–Bonilla's initial application for asylum and withholding of deportation because he did not timely file a petition for review of that decision. *Cf. Chudshevid v. INS*, 641 F.2d 780, 784 (9th Cir.1981).

### PETITION DENIED.

issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because deportation proceedings were initiated against Larin–Bonilla on March 6, 1993, and a final order of deportation was issued on February 2, 2001, the transitional rules apply to his case.

