**Mirta Yolanda Vasquez PORTILLO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72320.

INS No. A70–956–232.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Mirta Yolanda Vasquez Portillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion for reconsideration. We have jurisdiction under

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reconsider. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition.

The BIA did not abuse its discretion in denying Vasquez Portillo's motion for reconsideration because Vasquez Portillo did not demonstrate errors of law or fact warranting reconsideration. *See Chudshevid v. INS,* 641 F.2d 780, 784 (9th Cir.1981) (holding that BIA did not abuse its discretion in denying motion for reconsideration where petitioner failed to demonstrate factual or legal errors).

To the extent Vasquez Portillo seeks review of the BIA's March 18, 2002 decision affirming the Immigration Judge's ("IJ") denial of asylum, cancellation of removal and relief under the Convention Against Torture, we lack jurisdiction because Vasquez Portillo's petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (discussing *Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), in which the Supreme Court rejected the Ninth Circuit's prior rule that allowed the motion to reconsider to toll the statutory time to appeal the underlying order).

To the extent Vasquez Portillo asserts that applying the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and the Nicaragua Adjustment and Central American Relief Act to her case violates equal protection, her contention is foreclosed by *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1164–65 (9th Cir. 2002).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Serrano's request for oral argument.

Vasquez Portillo's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.