[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13849
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 26, 2005
THOMAS K. KAHN
CLERK

Agency Docket No. A79-407-836

JULIAN BEQIRI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(August 26, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Julian Beqiri, through counsel, petitions for review of two Board of

Immigration Appeals ("BIA") decisions (1) dismissing his appeal from the order

of the Immigration Judge ("IJ") finding him removable, and denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT relief), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c); and (2) denying his motion to reconsider/reopen.[1]

On appeal, Beqiri first challenges the BIA's April 27, 2004, decision dismissing his appeal of the IJ's decision. However, it appears that we do not have jurisdiction to consider this claim.

We review "questions of subject matter jurisdiction *de novo*." *Brooks v. Ashcroft,* 283 F.3d 1268, 1272 (11th Cir. 2002). We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation and citation omitted). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. *See* INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We have held that "[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to

---

[1] Because Beqiri's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 514 U.S. at 405-06, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)).

We conclude that we are without jurisdiction to review the BIA's final order of removal issued on April 27, 2004. Beqiri was required to file a petition for review of his underlying claims by May 27, 2004, and he failed to do so. Although Beqiri filed a motion to reconsider (or reopen) the BIA's dismissal of his appeal on May 26, 2004, the filing did not toll the limitations period for filing a petition for review in this Court. Moreover, Beqiri filed his petition for review of the BIA's order denying his motion to reconsider on August 2, 2004, which was more than 30 days after the BIA's final order of removal.

Beqiri next argues that the BIA abused its discretion by not addressing the questions raised in his motion to reconsider. In his motion, Beqiri indicated that his reasons for seeking reconsideration were that additional documents were necessary to make a fair assessment of the case as the BIA had not done so in the first place. We review the BIA's denial of a motion to reconsider or reopen for an

3

abuse of discretion. *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *See Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted) (addressing a motion to reopen). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotation omitted). We do not review issues that are not argued in the petition. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). For that reason, motions to reconsider are distinguishable from motions to reopen. *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90-91 (2d Cir. 2001); *Chudshevid v. INS*, 641 F.2d 780, 783-84 (9th Cir. 1981). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *Zhao*, 265 F.3d at 90 (internal quotation omitted). When the BIA reconsiders one of its prior

4

decisions, it reevaluates its prior decision on the factual record as it existed at the time the original decision was rendered. *Id.* In contrast, a motion to reopen asserts that the prior proceedings should be reopened for the introduction of new evidence so a new decision may be rendered on the basis of the new evidence. *Id.* at 90; *see also* INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992). "[T]here are at least three independent grounds upon which the [BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (citation omitted). The proponent of a motion to reopen faces a "heavy burden and [must] present[] evidence of such a nature that the Board is satisfied that if proceedings before the [IJ] were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473

(B.I.A. 1992) (citing *Doherty*, 502 U.S. at 323, 112 S. Ct. at 724-25) (quotations omitted)).

We conclude that the BIA did not abuse its discretion in denying Beqiri's motion to reconsider. Beqiri did not raise any arguments or specify any errors of law or fact in the BIA's or IJ's decision as required by 8 U.S.C. § 1229a(c)(6)(C) and 8 C.F.R. § 1003.2(b)(1). To the extent that the motion is considered a motion to reopen, Beqiri's argument in his brief to this Court does not address how the new evidence undermines the IJ's decision. Though he mentions that his reasons for asking for reconsideration were somehow contained in the documents he submitted to the BIA, he does not argue how these documents would warrant a new decision based on their contents. He only argues that the BIA and IJ erred in their evaluation of (or failure to evaluate) the facts before them, at the time of their decision. As Beqiri only addressed errors that he asserts occurred before the IJ and BIA, and not how the new evidence would change the outcome of the case, he has thus abandoned any argument that the BIA abused its discretion in denying his motion.

Upon review of the record, and having considered the briefs of the parties, we discern no reversible error.

**PETITION DISMISSED IN PART, DENIED IN PART.**