NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTURO GRANADOS ARANDA, | No.   22-1200 |
| Petitioner, | Agency No. A095-806-826 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2023[**]
Portland, Oregon

Before:  TALLMAN AND RAWLINSON, Circuit Judges, and RAKOFF,[***] District Judge.

In 2009, Petitioner Arturo Granados Aranda stated, through counsel, that he wished to apply for cancellation of removal.  The immigration judge ("IJ") found

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner was statutorily ineligible for cancellation under 8 U.S.C. § 1229b(b) and pretermitted relief. At a May 25, 2016, hearing on Petitioner's separate application for asylum, withholding of removal, and protection under the Convention Against Torture, counsel conceded that Petitioner was ineligible for cancellation under then-valid Ninth Circuit precedent. Accordingly, the record was not developed regarding Petitioner's eligibility for cancellation of removal, and the IJ did not consider such relief.

In 2019, Petitioner filed an untimely motion for *reconsideration* arguing subsequent decisions by the United States Supreme Court and by our Court undercut the legal bases for pretermitting his application for cancellation of removal. The Board of Immigration Appeals ("BIA") construed Petitioner's motion as one to *reopen* and denied it because he had failed to submit any documentation to show that he was otherwise entitled to cancellation of removal.

Petitioner then sought this Court's review. While his petition was pending, Respondent filed an unopposed motion for remand in light of *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). On remand, the BIA denied Petitioner's motion a second time for similar reasons. Petitioner now seeks this Court's review of that decision. Our jurisdiction is governed by 8 U.S.C. § 1252, and we deny the petition in part and dismiss the petition in part.

1.    Petitioner argues that the BIA abused its discretion by construing his motion as one to reopen and then denying relief for failure to comply with procedures governing such motions. The BIA is generally obligated to treat a motion to reconsider as such where the motion raises purely legal issues and is not premised on new, previously undiscoverable evidence. *See, e.g.*, *Barroso v. Gonzales*, 429 F.3d 1195, 1203 n.14 (9th Cir. 2005) (explaining BIA properly treated a "motion as a motion to reconsider" where the petitioner was raising a legal issue and did not support his motion with new evidence); *Chudshevid v. INS*, 641 F.2d 780, 784 (9th Cir. 1981) ("The motion brought in this case is not based upon any new facts which were not available at the time of the hearing and is thus not a motion to reopen the proceedings."); *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 n.8 (2023) (noting "reconsideration [was] the pertinent" form of relief where the petitioner had "allege[d] the Board committed an error of law"); *cf. Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (holding where a "motion is based on new evidence that was purportedly not discoverable at an earlier stage, the BIA was obligated, under its regulations and our case law, to treat it as a motion to reopen").

In this case, however, because Petitioner had conceded that he was ineligible for cancellation during his removal proceedings, and because a decade had passed since he first sought cancellation, the agency would have had to reopen proceedings for "a fresh determination based on . . . a change in [the Petitioner's]

3

circumstances," and changes in the law, over the course of the ensuing decade. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008), *overruled on other grounds by Cheneau v. Garland*, 997 F.3d 916, 917-18 (9th Cir. 2021) (en banc). Based on these unique circumstances, we cannot say that the BIA abused its discretion by treating Petitioner's motion as one to reopen. *See id.*

2. The BIA did not abuse its discretion in denying Petitioner's motion for reconsideration, which the BIA properly analyzed as a motion to reopen. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) ("We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law."). A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted" and "be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). A motion to reopen may be denied if (1) "the movant has not established a prima facie case for the underlying substantive relief sought"; (2) "the movant has not introduced previously unavailable, material evidence"; or (3) "the movant would not be entitled to the discretionary grant of relief." *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Here, the record does not show that Petitioner submitted any documents to the BIA supporting his satisfaction of the other eligibility conditions. Nor did Petitioner provide any documentation supporting his contention that discretion should be

exercised in his favor.  *See* 8 C.F.R. § 1240.8(d) (establishing that Petitioner bears the burden of establishing that discretion should be exercised in his favor).  Since Petitioner did not establish a prima facie case for the substantive relief that he sought, the BIA did not abuse its discretion in recasting and denying his motion.

3.    Finally, we lack jurisdiction to review a BIA decision to deny *sua sponte* reopening, unless such a decision was based on legal or constitutional error.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).  Since we find no legal or constitutional error in the BIA's denial of *sua sponte* reopening, we have no jurisdiction to review it.

The petition is **DENIED IN PART AND DISMISSED IN PART.**