**Jacob M. BREGMAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 18983.**

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1965.

Jacob M. Bregman, Los Angeles, Cal., in pro. per.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

HAMLIN, Circuit Judge.

Petitioner Jacob Bregman, an alien and citizen of Great Britain, was admitted to this country for permanent residence on August 27, 1905. In 1935 petitioner was convicted in the United States District Court for threatening the President of the United States. On various occasions between 1931 and 1956 he was committed to and confined in mental institutions. In 1961 deportation proceedings were commenced against him on the basis of the 1935 conviction under the Immigration and Nationality Act of 1952, § 241(a) (17), 66 Stat. 204, 8 U.S.C. § 1251(a) (17), which makes an alien deportable if he has been convicted and received final judgment for violation

of a number of acts including " 'An Act to punish persons who make threats against the President of the United States,' approved February 14, 1917, [18 U.S.C. § 871]." During the proceedings the petitioner disclosed that he had visited England in 1959 for a week or ten days and Canada in 1962 for a week. This disclosure led the Immigration Service to add a charge that petitioner was excludable at the time of his entry into the United States after the trips to England in 1959 and Canada in 1962 because he had had "one or more attacks of insanity." 8 U.S.C. §§ 1182(a) (3), 1251 (a) (1).[1]

In 1963 the presiding special inquiry officer found petitioner deportable on both charges. On April 9, 1963, the Board of Immigration Appeals rendered a final order of deportation on the latter charge only, 8 U.S.C. § 1251(a) (1), and rendered no judgment on the original charge, 8 U.S.C. § 1251(a) (17).[2]

Petitioner twice moved to reopen the deportation proceedings: first on June 5, 1963, so that he might apply for a waiver under 8 U.S.C. § 1182(c);[3] sec-ond on August 21, 1963, so that he might bring himself within the doctrine of Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), which had been decided on June 17, 1963, subsequent to the Board's judgment. Both motions were denied and review of these denials and the deportation order was sought in this court on November 7, 1963.

Jurisdiction of this court is limited to petitions for review of "all final orders of deportation" which are "filed not later than six months from the date of the final deportation order * * *." 8 U.S.C. § 1105a(a) (1).

The Supreme Court decided in Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), that review of "all final orders of deportation" includes review of judgments on motions to reopen. It follows from Giova that if the motion to reopen before the Board is within six months of the final order of deportation and the petition to this court is within six months of the denial of the motion (as it was in this case), this court has jurisdiction to review both

---

1. Immigration and Nationality Act of 1952, § 241(a) (1), 66 Stat. 204, 8 U.S.C. § 1251(a) (1):
   "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
   (1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry; * * *."
   Petitioner is charged with being an excludable alien at time of entry under the Immigration and Nationality Act of 1952, § 212(a) (3), 66 Stat. 182, 8 U.S.C. § 1182(a) (3):
   "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
   *    *    *    *    *
   (3) Aliens who have had one or more attacks of insanity; * * *."

2. The Board's order read in part:
   "Since the respondent is deportable under Section 241(a) (1) of the Immigration and Nationality Act we will not render a judgment with regard to the charge

laid under Section 241(a) (17) of the Act. An appropriate order will be entered.
   "ORDER: It is ordered that the order of deportation entered by the special inquiry officer on January 31, 1963, is hereby affirmed solely on the charge laid during the reopened hearing of October 16, 1962, to wit, Section 241(a) (1) of the Immigration and Nationality Act, in that at the time of entry you were within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who have had one or more attacks of insanity under Section 212(a) (3) of the Act."

3. Immigration and Nationality Act of 1952, § 212(c), 66 Stat. 182, 8 U.S.C. § 1182 (c):
   "(c) Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section."

the final order of deportation and the denial of the motion to reopen.

◼ In order to exclude petitioner under 8 U.S.C. § 1251(a) (1) he must have made an "entry" into this country within the meaning of 8 U.S.C. § 1101(a) (13) [4] as interpreted by the Supreme Court in Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804 (1963). In Rosenberg v. Fleuti, supra at 462, 83 S.Ct. at 1812, the Court stated: "We conclude, then, that it effectuates congressional purpose to construe the intent exception to § 101 (a) (13) as meaning an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence." The Board, in its decision rendered prior to Rosenberg v. Fleuti, made no finding as to whether the petitioner had "an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence." In view of the Supreme Court's interpretation of the entry statute subsequent to the order of the Board, we believe that the failure of the Board under these circumstances to grant the motion of petitioner to reopen was an abuse of discretion.

We therefore remand the case to the Board to take such evidence and to make such findings as may be advisable in the light of Rosenberg v. Fleuti.

We have noted above that the Board made no judgment on the original charge under 8 U.S.C. § 1251(a) (17). Inasmuch as this case is remanded, it would seem to be appropriate for the Board on remand to render judgment upon all charges before it.

The Board's denial of petitioner's motion to reopen is reversed and the case is remanded to the Board to take such action as is consistent with this opinion.

4. Immigration and Nationality Act of 1952, § 101(a) (13), 66 Stat. 167, 8 U.S.C. § 1101(a) (13):

"(13) The term 'entry' means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him or his presence in a foreign port or place or in an outlying possession was not voluntary * * *."