**CHAE KIM RO and Chin Deung Ro, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 80–7603.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1981.

Submission Vacated Aug. 27, 1981.

Resubmitted Feb. 12, 1982.

Decided Feb. 22, 1982.

Steven D. Karp, Beverly Hills, Cal., for petitioners.

Katherine V. Tooks, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

* The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of

Before SKOPIL and FARRIS, Circuit Judges, and CURTIS,* District Judge.

SKOPIL, Circuit Judge:

Petitioners are husband and wife, natives of Korea. They entered this country with a non-immigrant visa. They did not leave within the time prescribed by their visa. On June 19, 1974 they applied for adjustment of status from visitor to permanent resident. On May 7, 1975 the District Director denied their applications. On April 1, 1976 an Immigration Judge ("IJ") also denied their applications. On April 7, 1976 petitioners filed a notice of appeal to the Board of Immigration Appeals ("BIA"). On April 9, 1976 a United States citizen child was born to petitioners. On January 25, 1977 the BIA affirmed the IJ's denial of petitioners' applications. On December 30, 1977 this court affirmed.

On August 18, 1978 petitioners moved to reopen the deportation proceedings. They raised for the first time the birth of their United States citizen child and submitted supporting documentation. They did not specifically state the grounds on which they sought reopening. The BIA denied the motion. It held that, even assuming statutory eligibility for reopening, petitioners failed to come forward with new evidence bearing upon the BIA's exercise of discretion in determining whether to reopen. The BIA held that: "The birth of the respondents' child in April 1976, impending at the time of the hearing before the immigration judge, clearly could have been raised on appeal before the Board." Petitioners seek review in this court.

### ISSUE

Did the BIA abuse its discretion in denying petitioners' motion to reopen?

### DISCUSSION

The BIA may not grant a motion to reopen unless it is based upon new, mate-

California, sitting by designation.

rial facts. 8 C.F.R. § 3.2 (1980). The new facts must be supported ·by "affidavits or other evidentiary material." 8 C.F.R. § 3.8 (1980). The regulation is framed in the negative, prohibiting the BIA from granting a motion to reopen unless certain prerequisites are met. It does not affirmatively require the BIA to reopen in any particular circumstance. The BIA therefore has discretion ,in determining in what circumstances a proceeding should be reopened. *I&NS v. Wang*, 450 U.S. 139, 143 n.5, 101 S.Ct. 1027, 1030 n.5, 67 L.Ed.2d 123 (1981). This court reviews denials of motions to reopen under the abuse of discretion standard. *Sida v. I&NS*, 665 F.2d 851, 854 (9th Cir. 1981). Failure to allege new facts supported by evidentiary material is itself an adequate ground for denial of a motion to reopen. *I&NS v. Wang, supra,* 450 U.S. at 143, 101 S.Ct. at 1030. This court must decide whether the petitioners alleged new facts supported by evidentiary material, and, if so, whether the BIA abused its discretion in denying the motion to reopen. *Sida v. I&NS, supra,* 665 F.2d at 853.

The BIA concluded that the birth of petitioners' United States citizen child was not new evidence, because it could have been raised before the IJ or the BIA. The regulation governing motions to reopen provides: "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing". 8 C.F.R. § 3.2 (1980).

The only "hearing" which occurs in the deportation process is before the IJ. I&NS regulations refer to the proceeding before the IJ as a "hearing". 8 C.F.R. §§ 242.1(b), 242.16 (1980). The regulations refer to the proceeding before the BIA as an "appeal". 8 C.F.R. § 242.21 (1980). Evidence is taken at the proceeding before the IJ. The BIA may permit oral argument, but does not hear evidence. Thus, if a motion to reopen is granted, the matter is referred to the IJ "for a hearing". *Urbano de Malaluan v. I&NS*, 577 F.2d 589, 593 (9th Cir. 1978). The regulation therefore appears to refer to

evidence which was not available at the time of the proceedings before the IJ. The Third Circuit has apparently so concluded. In *Ravancho v. I&NS*, 658 F.2d 169 (3d Cir. 1981), the court held that a psychiatric report analyzing facts which took place "after the original hearing conducted by the immigration judge" but before the BIA dismissed the petitioners' appeal was "not previously available". *Id.* at 175 & n.7. Even the dissent agreed that new evidence is evidence arising "since the case was first heard." *Id.* at 178 (Aldisert, J., dissenting, footnote omitted). Similarly, in *Jacobe v. I&NS*, 578 F.2d 42 (3d Cir. 1978), the court held that the petitioner's marriage was new evidence "because it was not entered into until after the order of deportation issued from the original hearing." *Id.* at 44.

■ In this case, petitioners' United States citizen child was not born until after the hearing before the IJ. Evidence of the birth therefore could not be presented "at the former hearing". We therefore conclude that the birth of petitioners' United States citizen child is a new fact.

■ The I&NS contends that even if petitioners were not required to raise their child's birth before, this court should still affirm the BIA's decision because the birth of the child does not require the BIA to grant the motion to reopen. We do not decide this question. A BIA decision can be affirmed only on the basis articulated in the decision. *Phinpathya v. I&NS*, 657 F.2d 1083, 1088–89 & n.7 (9th Cir. 1981); *Patel v. I&NS*, 638 F.2d 1199, 1201 (9th Cir. 1980). Accordingly, we must remand the case to the BIA to permit it to exercise its discretion in addressing the evidence presented and, if it concludes reopening is not warranted, stating the reasons why. *Sida v. I&NS*, 665 F.2d at 855. *See also Perez v. I&NS*, 643 F.2d 640, 641 (9th Cir.), *amended*, 665 F.2d 269 (9th Cir. 1981).

REMANDED.