**HYUN JOON CHUNG, Yang Ja Chung, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 82–7723.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1983.

Decided Dec. 2, 1983.

As Modified March 26, 1984.

Hiram W. Kwan, Los Angeles, Cal., for petitioners.

Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before HUG and NELSON, Circuit Judges, and HOFFMAN,* District Judge.

HUG, Circuit Judge:

Hyun Joon Chung and Yang Ja Chung appeal the Board of Immigration Appeals' (BIA) order denying their applications for suspension of deportation. The BIA concluded that the Chungs had failed to show extreme hardship and that they did not merit a favorable exercise of administrative discretion. The Chungs also appeal the BIA's 1975 order denying their applications for adjustment of status under 8 C.F.R. § 212.8(b)(4) as investors. The Immigration and Naturalization Service (INS) contests this court's jurisdiction to review the earlier order.

## FACTS

Mr. and Mrs. Chung were admitted to the United States as nonimmigrant treaty traders in 1968. In 1969, Mr. Chung applied for permanent resident status as a chemical engineer. The application was not sup-

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

ported by a valid labor certification and was denied. Mr. Chung then obtained employment as a chemical engineer and successfully moved to reopen his application. While this motion was pending, in April, 1972, he applied for exemption from the labor certification requirements on the ground that he was an investor in a grocery business. On February 20, 1973, the District Director denied the application, finding that Mr. Chung had obtained his initial visa through misrepresentation and fraudulent documentation.

In September, 1973, deportation proceedings were commenced. The Chungs conceded deportability but renewed their application for adjustment of status as investors. This application was also denied, and on August 27, 1975, the BIA dismissed the Chungs' appeal. The BIA found that Mr. Chung was not qualified for investor status because of his outside employment. The BIA also found that Mrs. Chung had not carried her burden of proof in demonstrating the requisite degree of managerial responsibility over the business. The Chungs did not petition for judicial review of this decision but moved, instead, on February 11, 1976, to reopen the deportation proceedings to apply for suspension of deportation. This motion was denied on July 12, 1976. On January 10, 1977, the Chungs moved for reconsideration of the motion to reopen. The BIA granted this motion on March 24, 1977, finding that the Chungs had made a prima facie showing of extreme hardship.

In subsequent hearings before an immigration judge, the Chungs presented medical evidence showing that Mrs. Chung periodically required surgery for a throat condition, and that laser surgery, allegedly more effective than conventional treatment, was available in the United States but not in Korea. The Chungs presented testimony that their four United States citizen children would have difficulty adjusting to Korean schools, language, and culture. They also presented evidence of their success in

several business ventures. On February 26, 1982, the immigration judge denied the applications for suspension of deportation, finding that the Chungs had not established extreme hardship. He found that Mrs. Chung's medical condition was manageable with conventional surgical techniques available in Korea. He also found that deportation would not result in extreme hardship to the Chungs' four children. Finally, he declined to exercise administrative discretion in the Chung's favor, finding that they had engaged in a deceitful course of conduct to enter and remain in this country, that they had given false testimony, and that they had knowingly and persistently employed illegal aliens in their home and businesses. The BIA dismissed their appeal of this decision, and the Chungs then filed a petition with this court, seeking review of both the denial of suspension and the earlier denial of adjustment of status.

### A. Appellate Jurisdiction

In this appeal, the Chungs contest both the BIA's earlier ruling of 1975 refusing adjustment of status and the 1982 decision denying suspension of deportation. The INS challenges this court's jurisdiction to review the 1975 denial of adjustment of status, asserting that the Chungs' petition was untimely.

Section 106(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1105a (a)(1), requires that a petition for review by this court be filed "not later than six months from the date of the final deportation order...."[1] The six-month limitations period is tolled, however, where the alien files a motion to reopen before the BIA rather than a petition for judicial review within that six months. A new six-month limitations period for judicial review does not begin until that motion is denied or the proceedings are reopened and concluded. *Reyes v. INS,* 571 F.2d 505, 507 (9th Cir. 1978); *Santiago v. INS,* 526 F.2d 488, 489 n. 3 (9th Cir. 1975) (en banc), *cert.*

---

**1.** According to INS regulations, an order of deportation becomes final "upon dismissal of an appeal by the Board of Immigration Appeals, upon waiver of appeal, or upon expiration of the time allotted for an appeal when no

appeal is taken; or, if such an order is issued by the Board or approved by the Board upon certification, it shall be final as of the date of the Board's decision." 8 C.F.R. § 243.1 (1982).

*denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). When an appeal is taken within that second six-month period, this court has jurisdiction to review both the denial of the motion to reopen and the original order of deportation. *Bregman v. INS*, 351 F.2d 401, 402–03 (9th Cir. 1965). The same is true where the alien files a motion to reconsider before the BIA within six months of a final deportation order.[2] When that motion is denied, or when reconsideration still produces an adverse result, the alien has six months from the date of the order disposing of the motion within which to file an appeal to this court; and both the order disposing of the motion to reconsider and the original order are reviewable. *Chudshevid v. INS*, 641 F.2d 780, 783–84 (9th Cir. 1981).

This tolling of the limitations period can be explained in terms of the congressional purpose underlying section 106. Congress was concerned with the widespread abuse of the process of judicial review of deportation orders. Successive, piecemeal appeals had been used as a dilatory tactic to postpone the execution of deportation orders. *See* H.R. No. 1086, 87th Cong., 1st Sess., *reprinted in* 1961 U.S. Code Cong. & Admin. News 2950, 2967. In response to this problem, "Congress visualized a single administrative proceeding in which all questions relating to an alien's deportation would be raised and resolved, followed by a single petition in a court of appeals for judicial review . . . ." *Yamada v. INS*, 384 F.2d 214, 218 (9th Cir. 1967). Congress expressly provided in section 106(c) that an order of deportation could not be reviewed by any court unless the alien had exhausted the administrative remedies available to him under the immigration laws and regulations. 8 U.S.C. § 1105a(c).

■ The rule of *Bregman* and *Chudshevid* is in keeping with the intention of

Congress to create a process in which there is a single judicial review of all questions relating to an alien's deportation. Where either a motion to reopen or a motion to reconsider has been filed not later than six months from the date of the final deportation order, an otherwise appealable final order becomes no longer appealable in this court until the motion is denied or the proceedings have been effectively terminated. Accordingly, the limitations period does not run during the pendency of further proceedings but starts anew when the motion has been denied or the further proceedings have been concluded. If a petition to this court is subsequently filed not later than six months after the adverse termination of proceedings below, then both the original order and the later unfavorable ruling by the INS are reviewable. In this way the process of judicial review remains unitary while the alien who avails himself of post-deportation order remedies in a timely fashion does not forgo the right to appeal the underlying order.

■ The present case is more complex than either *Bregman* or *Chudshevid* in that it involves both a motion to reopen and a motion to reconsider; but the rationale remains the same. The BIA's denial of the Chung's application for adjustment of status in 1975 was a final, appealable order of deportation. However, within six months of that order the Chungs moved to reopen the proceedings to seek suspension of deportation. Administrative proceedings were thus not effectively terminated, and no appeal could be taken to this court, until the motion to reopen was denied in July, 1976. The Chungs subsequently moved within six months to have the BIA reconsider its order denying their motion to reopen. The BIA granted the motion to reconsider and remanded to the immigration judge to conduct new administrative proceedings.

---

**2.** The BIA may reopen or reconsider a case in which it has rendered an order of deportation, either on its own motion or on the motion of the affected alien. 8 C.F.R. §§ 3.2, 3.8(a) (1982). A motion to reopen and a motion to reconsider are distinct motions with different requirements. A motion to reopen must be based upon material evidence which was not available and could not have been discovered or presented by the alien at the prior hearing. 8 C.F.R. § 3.2. A motion to reconsider "shall state the reasons upon which the motion is based and shall be supported by such precedent decisions ¸as are pertinent." 8 C.F.R. § 3.8(a). There is no requirement, however, of new facts or even new precedent. *Chudshevid*, 641 F.2d at 784.

During the pendency of the new proceedings, once again, the Chungs could not have taken an appeal of the underlying deportation order to this court. Proceedings below were not effectively terminated until October 28, 1982, when the BIA dismissed the Chungs' appeal of the decision of the immigration judge denying suspension of deportation. Since their appeal · to this court was filed within six months of that date, we hold that the BIA's original order denying adjustment of status in 1975 remains reviewable.

### B. *The Merits*

With regard to the denial of adjustment of status, the Chungs assert that the BIA exercised its discretion based upon an erroneous standard. This argument is without merit. The standard under which discretion is to be exercised is irrelevant, because the BIA's decision was based not upon an exercise of discretion but upon a finding of statutory ineligibility. The BIA found that the Chungs had failed to prove that they were statutorily eligible for adjustment. This court's review of the BIA's decision is confined to the bases upon which the BIA relied. *See Ro v. INS,* 670 F.2d 114, 116 (9th Cir.1982).

The BIA found that Mr. Chung failed to show eligibility for investor status because of his concurrent employment in a field that would require a labor certification. This finding is supported by substantial evidence in the record and is a valid ground for denying an application for adjustment of status. *See Cheung v. District Director,* 641 F.2d 666, 668–69 (9th Cir. 1980). The BIA also found that Mrs. Chung had failed to prove that she exercised substantial responsibility over the direction and control of the grocery store. This finding, too, is supported by substantial evidence. The BIA thus did not abuse its discretion in denying the Chungs' application for adjustment of status.

With regard to the denial of suspension of deportation, the scope of our review is narrow. This court may not substitute its own interpretation of "extreme hardship" for the BIA's. *INS v. Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981). Rather, the BIA's decision may be reversed only for an abuse of discretion, such as a failure to consider all relevant facts. *Mejia-Carrillo v. INS,* 656 F.2d 520, 522 (9th Cir.1981). In the present case the immigration judge's opinion, on which the BIA relies, gives serious consideration to all of the relevant facts, both adverse and ameliorating, with respect both to Mrs. Chung's health and to the welfare of the citizen children. Thus, we cannot say that the BIA abused its discretion in finding that the Chungs were not statutorily qualified for suspension of deportation. The denial of discretionary relief likewise finds adequate support in the record.

AFFIRMED.