953 F.2d 1384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jamal P. SHEIKHOLESLAMI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent
 No. 91-4128.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner seeks review of an order of deportation. The Board of Immigration Appeals (BIA) issued a decision on August 6, 1991, denying the petitioner asylum and the withholding of deportation. When the petitioner did not voluntarily depart, the Immigration and Naturalization Service (INS), in accordance with the BIA's decision, issued an order directing the petitioner to report for deportation on December 2, 1991. The instant petition for review and an emergency motion to stay deportation were filed on December 2, 1991. However, it appeared at that time that the INS was not seeking to immediately enforce the order of deportation. Accordingly, an order to show cause was issued, requesting the parties to address two issues: the mootness of the motion to stay, and the timeliness of this appeal. In the responses filed with this court, both the INS and the petitioner agree that the motion to stay deportation is moot based on a subsequent stay order entered by the BIA. However, there remains an issue as to this court's jurisdiction in the petition for review.
 
 
 2
 The decision of which the petitioner seeks review was entered on August 6, 1991. He alleges in the petition for review that a motion to reopen was filed on August 29, 1991. Such a motion may suspend the time for appeal. See Fayazi-Azad v. INS, 792 F.2d 873 (9th Cir.1986); Hyun Joon Chung v. INS, 720 F.2d 1471, 1474 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984). In such a case, this appeal would be premature. But see Alleyne v. INS, 879 F.2d 1177 (3rd Cir.1989) (holding that motion to reopen did not suspend time for appeal).
 
 
 3
 However, even if the motion to reopen did not suspend the time for appeal, this court would nevertheless lack jurisdiction because 8 U.S.C. § 1105a(a)(1) provides that a petition for review of an order of the BIA must be made within 90 days of the decision. The instant petition was filed after the expiration of that time period. Whether or not the motion to reopen suspended the time for appeal, therefore, this court lacks jurisdiction in this matter. It is noted that the denial of a motion to reopen is appealable. See Yousif v. INS, 794 F.2d 236 (6th Cir.1986).
 
 
 4
 Therefore, it is ORDERED that this petition for review is dismissed for lack of jurisdiction. The motion for a stay is denied as moot.