5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Virginia Gaila MILLARE, aka Virginia Ganado Gaila aka
Virginia P. Parcasio, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70674.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1993.
Decided Sept. 14, 1993.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, INS No. Aix-mjk-uef.
 B/A
 VACATED IN PART; REVERSED AND REMANDED IN PART.
 Before: GOODWIN, TANG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Virginia Gaila Millare appeals the July 12, 1990 decision of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") denial of discretionary relief from deportation, and the October 15, 1991 order denying Millare's motion to reopen proceedings and remand to the IJ.
 
 
 3
 Because the parties are familiar with the facts and background of this appeal, we need not repeat them except as necessary in discussing the points at issue.
 
 DISCUSSION
 
 4
 The BIA's denial of Millare's motion to reopen and remand is reviewed for an abuse of discretion. I.N.S. v. Doherty, 112 S.Ct. 719, 724-25 (1992); Ro v. I.N.S., 670 F.2d 114, 116 (9th Cir.1982).
 
 
 5
 A motion to reopen may be granted if a petitioner introduces new and material evidence, establishes a prima facie case for relief, and demonstrates entitlement to relief as a matter of discretion. Doherty, 112 S.Ct. at 725. See also I.N.S. v. Wang, 450 U.S. 139, 141 (1981) (the applicant must establish a prima facie case of eligibility for the relief sought); I.N.S. v. Rios-Pineda, 471 U.S. 444, 449 (1985) (applicant must demonstrate that she warrants a favorable exercise of discretion).
 
 
 6
 Millare presented evidence that, since the date of the hearing before the IJ, she had divorced her first husband in the Philippines, married James Galinato, had a second child with Galinato, and had obtained a determination in a paternity proceeding that her first child was Galinato's son. Millare also showed that her new husband, Galinato, had become a naturalized citizen. Millare clearly introduced new facts which were unavailable at the previous hearing.
 
 
 7
 We have previously rejected the government's argument that this evidence had been available on appeal to the BIA and thus did not warrant reopening of the proceedings. In Ro, 670 F.2d at 116, for example, we reversed a BIA denial of a motion to reopen where the petitioner had sought to introduce evidence of the birth of a new child. We held that "petitioners' United States citizen child was not born until after the hearing before the IJ. Evidence of the birth therefore could not be presented 'at the former hearing.' " Id. The same is true regarding the evidence Millare sought to introduce.
 
 
 8
 Millare also established a prima facie case for discretionary relief. The BIA held that Millare had failed to establish a prima facie case, because, despite the evidence of two additional family members in the United States, these equities did not "counterbalance the numerous adverse factors present in the record." Because the factors adverse to discretionary relief were not "numerous," we conclude that the BIA, in effect, gave no weight to Millare's changed family circumstances. As we stated in Hernandez-Robledo v. I.N.S., 777 F.2d 536, 541 (9th Cir.1985):
 
 
 9
 Congress' fundamental purpose in enacting section 241(f)(1) of the INA was to keep family units together by precluding deportation of aliens who had gained entry by fraud or misrepresentation, if the effect of deportation would be to separate families composed in part of a United States citizen or lawful permanent resident.
 
 
 10
 (Citations omitted.)
 
 
 11
 The BIA clearly did not give sufficient weight to Millare's additional family connections in the United States in considering her motion to reopen. In view of the BIA's determination in its July 12, 1990 decision that Millare's family connections in the Philippines outweighed those in the United States, the BIA abused its discretion in holding that Millare had not established a prima facie case for reopening the proceedings. See Samimi v. I.N.S., 714 F.2d 992, 995 (9th Cir.1983) (it is an abuse of discretion for the BIA to deny the motion to reopen if petitioner has presented a prima facie case for relief).
 
 
 12
 Moreover, the BIA has not "provided a reasoned explanation for the exercise of its discretion to refuse to reopen based upon 'legitimate concerns.' " Mattis v. I.N.S., 774 F.2d 965, 968 (9th Cir.1985), citing Rios-Pineda, 471 U.S. at 451-52. In its decision that Millare was not entitled to reopening as a discretionary matter, the BIA relied on the fact that Millare had not voluntarily departed the United States after the July 12, 1990 decision. The BIA held:
 
 
 13
 [T]he deliberate flouting of the immigration laws by failing to depart in accordance with a voluntary departure order is a serious adverse factor which warrants a discretionary denial of a motion to reopen. Accordingly, we deny the respondent's motion to reopen as a matter of discretion based on her failure to depart voluntarily from the United States as ordered by this Board.
 
 
 14
 * * *
 
 
 15
 While her motion to reopen is stated in terms which suggest that she is unaware of our earlier order in the case, notice of our action, as previously stated, was mailed to the respondent, through counsel, at the address provided to this Board. There is nothing in the record to indicate that an extension of the voluntary departure period was requested.... [t]he factual circumstances upon which she bases her motion to reopen, namely, her marriage to a United States citizen and the birth of a second citizen child, came about only as a consequence of her disregard of the Board's order.
 
 
 16
 However, there is no evidence in the record to suggest that Millare was aware of the July 12, 1990 decision, nor that it had been sent to petitioner or her counsel. That Millare and her attorney never received a copy of the decision is confirmed by the contents of Millare's motion to remand and reopen the proceedings, which assumes that the appeal to the BIA of the original deportation order is pending. The INS also was not aware of the July 12 decision: in its response to the motion to reopen, the INS makes no mention of the July 12 decision and requests that the BIA affirm the decision of the IJ, which it had already done. Although Millare's attorney did not update his address with the BIA, there is no evidence in the record that the decision was mailed or returned to the BIA as undeliverable. Compare Ouedraogo v. I.N.S., 864 F.2d 376, 378 (5th Cir.1989) (appeal timely where no evidence in the record that the BIA's decision had been mailed), with Lee v. I.N.S., 685 F.2d 343, 344 (9th Cir.1982) (appeal untimely where record showed that the BIA mailed a copy to the address of record for the petitioners' attorney, and that the Post Office had returned the mail as undeliverable).
 
 
 17
 The denial of Millare's motion to reopen due to her failure to voluntarily depart in accordance with an order that Millare never received, for which there is no evidence that the BIA mailed to her or her attorney, and of which the BIA conceded that she was unaware, is clearly an abuse of discretion. "When the BIA denies relief as a matter of discretion, it may not exercise its discretion arbitrarily." Mattis, 774 F.2d at 968 (citation omitted).
 
 
 18
 Because Millare introduced new and material evidence, established a prima facie case for relief, and demonstrated entitlement to relief as a matter of discretion, see Doherty, 112 S.Ct. at 725, the BIA abused its discretion by refusing to reopen proceedings and remand to the Immigration Judge. We reverse and remand for further proceedings.
 
 
 19
 As a final matter, we vacate the BIA's July 12, 1990 decision affirming the Immigration Judge's denial of discretionary relief. That decision depended in large part on the BIA's conclusion that Millare had "but 1 notable family tie to the United States, i.e. her son," that Millare was still married to her husband in the Philippines despite "reportedly" being engaged to a lawful permanent resident, and that Millare had not claimed her adult daughter as a dependent on her income taxes. Millare has presented new and material evidence regarding these factors and her now-extensive family ties in the United States. The BIA's July 12, 1990 decision is therefore vacated in view of our conclusion to remand the proceedings for consideration of this new evidence.
 
 CONCLUSION
 
 20
 The October 15, 1991 denial of Millare's motion to reopen proceedings and remand to the Immigration Judge is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS. The July 12, 1990 affirmance of the Immigration Judge's denial of discretionary waiver from deportation is ordered VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3