7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eseza KYAMBADDE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9502.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Eseza Kyambadde, a native of Uganda, seeks review of the decision of the Bureau of Immigration Appeals (BIA) denying her petition to reopen her deportation hearing. Ms. Kyambadde was previously denied relief from deportation under 8 U.S.C.A. 1253(h)(West Supp.1993), and was refused asylum under 8 U.S.C.A. 1158(a)(West Supp.1993). The instant petition to reopen asserts that she has since become eligible for suspension of deportation under 8 U.S.C.A. 1254(a)(1)(West Supp.1993). The BIA concluded that Ms. Kyambadde failed to show that her deportation would cause her extreme hardship as required by section 1254(a), and denied her petition to reopen.
 
 
 3
 We previously considered claims by the petitioner and rejected an appeal by the petitioner and her brother, Kyambadde v. INS, slip op. no. 91-9505 (10th Cir. July 6, 1992), and more recently, have affirmed a decision of the BIA denying Musa Ssemanda Kyambadde's petition to reopen. Kyambadde v. INS, slip op. no. 92-9563 (10th Cir. Oct. 4, 1993).
 
 
 4
 The petitioner makes some arguments not made by her brother, such as: she would not be able to receive sufficient medical treatment in Uganda, which is necessary as a result of a serious car accident; she would not be physically able (also as a result of her car accident) to perform the expected domestic duties of a woman in Uganda, i.e., carrying food, water, luggage on the head; she is married to a resident of the United States, who has been granted refugee status by reason of his opinions against the Uganda government; that she is in danger of contracting the AIDS virus in Uganda; and so on. However, nothing in her arguments compels a different legal analysis or conclusion from that which we set out in our decision, cited above, rejecting her brother's appeal from the BIA's denial of his petition to reopen. As the Board noted in its opinion:
 
 
 5
 The Board may construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 144 (1981) and the Board's denial of suspension of deportation may only be reversed for an abuse of discretion, such as failure to consider all relevant factors. Chung v. INS, 720 F.2d 1471, 1475 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984).
 
 
 6
 Decision of the BIA, Oct. 13, 1992 (emphasis added).
 
 
 7
 Our review of the record satisfies us that the BIA examiner has considered all of the factors and arguments raised by the petitioner. In addition, we note the comment in petitioner's brief "that the current local immigration judges would be very sympathetic in reviewing the Petitioner's plight." Petitioner's Brief at 7. In other words, she is looking to new judges, not new reasons, to assist her in her goal of avoiding deportation.
 
 
 8
 Accordingly, for the reasons set forth above and in our prior opinion regarding the petitioner's brother Musa Ssemanda Kyambadde, cited above, the decision of the BIA denying Ms. Kyambadde's petition to reopen in AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3