34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edwin Dennis Lao PONCE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1994.*
Decided Aug. 25, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edwin Dennis Lao Ponce seeks review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of his application for asylum and withholding of deportation. We deny the petition for review.
 
 
 3
 * Ponce argues that the BIA's decision violates his due process rights and deprives this court of meaningful review because the BIA's opinion is boilerplate and thus fails to adequately outline the BIA's reasoning and discuss the individual factors involved in his asylum application. Petitioner's Br. at 6-14. We disagree.
 
 
 4
 Although the BIA is required to explicitly consider all relevant facts and clearly set forth the rationale for its decision, INS v. Cardoza-Fonseca, 767 F.2d 1448, 1455 (9th Cir.1985) aff'd on other grounds, 480 U.S. 421 (1987), it is not the case that when the IJ has issued a well-reasoned and clearly articulated opinion the BIA must nevertheless author a substantially identical opinion, only using its own penmanship. The law is clear that the Board can adopt in full the IJ's opinion. Hyun Joon Chung v. INS, 720 F.2d 1471, 1475 (9th Cir.1984); Ramirez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983).
 
 
 5
 Furthermore, the IJ's opinion, and by incorporation the BIA's opinion, comports with our due process and appellate review requirements. In Castillo v. INS, 951 F.2d 1117 (9th Cir.1991), the primary case relied on by Ponce, we upheld the BIA's decision as adequate because it "explicitly stated" the grounds for its decision, and it "cited specific reasons why [Petitioner] had not established a well founded fear of persecution." Id. at 1120 (emphasis deleted).
 
 
 6
 Here, the IJ's decision comports with the standards enunciated in Castillo. The IJ meticulously reviewed all the relevant facts as presented by Ponce and concluded that "considering all of the evidence and testimony of record, ... [Petitioner] has not demonstrated that his fear is well-founded or reasonably possible." ER at 29. In support of this conclusion, the IJ cites numerous "specific reasons" including: (1) Ponce is not a member of any group targeted by political assassins; (2) Ponce has resigned from the job that attracted the communist recruiters; (3) no attempt was ever made to harm Ponce or his family; (4) Ponce has no unique information that could put him in danger; (5) Ponce was successful in avoiding the two communist recruiters during the months prior to his departure; (6) Ponce has produced no evidence supporting his fear that Filipino authorities will retaliate against him for associating with the communist recruiters. ER at 29-32.
 
 
 7
 In sum, the IJ's opinion, adopted in full by the BIA, provides Ponce with an adequate statement of its reasons in accordance with Ponce's due process rights and provides this court with an adequate record for review, the task we turn to next.
 
 II
 
 8
 Ponce argues that the BIA's denial of his asylum and withholding of deportation claims is not supported by the evidence. We disagree.
 
 
 9
 Factual determinations of an alien's statutory ineligibility for asylum are reviewed under the "substantial evidence standard." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). "To obtain judicial reversal of the BIA's determination, [the alien] must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 817.
 
 
 10
 Ponce has not met this burden. The BIA relied on the factors enumerated in Part I, supra at 3. These factors substantially support the BIA's decision to affirm the IJ's denial of Ponce's application for asylum and withholding of deportation.
 
 
 11
 The petition for review is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3