91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Ramon MATUS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70604.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matus petitions for review of the Board of Immigration Appeals' (Board) denial of suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1254(a)(1). We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Matus applied to the Board for the discretionary relief of deportation. We review decisions denying deportation suspension under section 244 for "abuse of discretion." Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The INS may define extreme hardship narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981). However, an abuse of discretion includes a failure to consider all relevant facts. Hyun Joon Chung v. INS, 720 F.2d 1471, 1475 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984).
 
 
 4
 Extreme hardship is one of the elements petitioners must demonstrate to qualify for discretionary suspension of deportation under section 244(a)(1). Matus asserts that the Board's denial of his application is incorrect because substantial evidence does, in fact, demonstrate extreme hardship. He argues that he is only returnable to Nicaragua which "presents one of the bleakest pictures of any in central america." The problems he claims that he will face there include: endemic violence, economic depression and instability, difficulty in finding employment, perhaps even complete inability, difficulties arising from losing his American contacts, and resulting emotional distress.
 
 
 5
 Suspension is an exceptional remedy only available for "unique extenuating circumstances." Ramirez-Durazo v. INS, 794 F.2d 491, 499 (9th Cir.1986). Matus' hardships, however, are of "the type ... experienced by most aliens who have spent time abroad" and do not rise to the level of "extreme hardship." Id. at 498. As long as the Board has fairly considered the hardship claim, we must sustain its decision. Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986).
 
 
 6
 Matus only claims that he will have difficulty finding work because of Nicaraguan economic and political conditions. Mere difficulty in finding work, or even work in one's field, does not support a finding of extreme economic condition. Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981) (difficulty in finding work or work in one's trade or profession is not extreme hardship). There is no real support in the record that Matus will be unable to find any work whatsoever, a claim which could possibly support relief. See id.
 
 
 7
 Matus' claims of widespread economic depression and political instability likewise do not support a claim for relief. First, as the Board concluded, Matus does not make a claim for political asylum and makes no factual assertions which would support such a claim. Second, even if he did, "the [Board] may conclude that claims of political persecution have no relation to a determination of 'extreme hardship' under section 244(a)(1)." Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1985), citing Hee Yung Ahn v. INS, 651 F.2d 1285, 1288 (9th Cir.1981). The Board, in its discretion, may find such claims as irrelevant to a determination of extreme hardship. More difficult economic conditions in a deportee's home nation do not constitute extreme economic conditions. Santana-Figueroa v. INS, 644 F.2d at 1356.
 
 
 8
 Matus also claims that he will experience extreme emotional hardship resulting from separation from friends and his social environment. However, Matus gives evidence which only suggests that he will experience the usual social adjustment most deportees face. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (uprooting of family or difficulty in finding work insufficient for a finding of extreme hardship). Similarly, the difficulty his parents, who are United States citizens and one of whom is employed, will face in finding a place to live and disposing of Matus' home are not "extreme." These problems fit within those hardships normally experienced in deportation.
 
 
 9
 He also contends that the Board did not consider all relevant facts. Such a failure would constitute an abuse of discretion. Jong Ha Wang, 450 U.S. at 145. However, the Board's decision does evidence a reasoned consideration of all factors. It discusses his claims of political persecution, economic hardship, employment difficulties, emotional hardships, and economic hardship to his parents.
 
 
 10
 Matus further contends that the Board's decision is conclusory and therefore an abuse of discretion. Again, this is incorrect. The Board explained that his claims of economic and other hardships did not meet the standard necessary for relief. It met its obligations to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). Matus claims that the Board failed to consider these issues cumulatively. The Board's decision flatly contradicts this assertion, as it states that it considered Matus' claims separately and cumulatively, and its decision indicates a consideration of factors jointly.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3